UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARY WHEELER, | ) |
| Plaintiff, | ) Case No. 2:15-cv-00051 |
| v. | ) **COMPLAINT** |
| PERFORMANT RECOVERY, INC., | ) |
| Defendant. | ) **JURY DEMANDED** |

Now comes the Plaintiff, MARY WHEELER, by and through her attorneys, and for her Complaint against the Defendant, PERFORMANT RECOVERY, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Hannibal, Missouri.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of California, which is licensed to do business in Missouri, and which has its principal place of business in Livermore, California.

## STATEMENTS OF FACTS

9. On or about February 25, 2015, Defendant mailed a bill to Plaintiff in an attempt to collect the aforementioned alleged debt.

10. Shortly thereafter, Plaintiff placed a telephone call to Defendant and informed the employee, agent and/or representative of Defendant with whom she spoke with, that she was represented by a law firm with respect to the alleged debt, and provided her attorneys' contact information.

11. Despite having received notice of Plaintiff's attorneys' representation, on or about May 13, 2015, Defendant mailed another bill to Plaintiff in another attempt to collect the alleged debt.

12. Defendant further proceeded to garnish Plaintiff's tax refund for the alleged debt.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. Plaintiff was previously diagnosed with several medical conditions, including high blood pressure, mini strokes, anxiety and panic attacks.

15. Specifically, during Plaintiff's call to Defendant in the beginning of February 2015, Plaintiff became so upset she could not talk, became extremely emotional and had a panic attack.

16. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

17. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 16 as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

19. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 16 as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

21. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 16 as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

MARY WHEELER

By:   /s/ Andrew Magdy

Andrew Magdy
Missouri Attorney No. 60390
Admitted to Practice in Eastern District of Missouri
Attorney for Plaintiff
Upright Law LLC
79 W. Monroe Street, 5th Floor
Chicago, IL 60603
Phone: (314) 802-8328
Fax: (866) 359-7478
andrewmagdyesq@gmail.com